[Department Two, February 20, 1883.]

HORACE W. BOWMAN, RESPONDENT, *v.* THE CALIFORNIA STEAM NAVIGATION COMPANY, APELLANT.

PLEADING — CARRIER — CONTRIBUTORY NEGLIGENCE. — A complaint which alleges that the plaintiff took passage on defendant's steamer and delivered his baggage to defendant, and that shortly before the arrival of the steamer at its destination, he went down on the main deck to look for his baggage — no check therefor having been given him — and while so doing fell down the main hatchway which had been left open negligently and carelessly, with no light placed near it to warn passengers of danger, and sustained injuries thereby, is not demurrable, on the ground that it shows contributory negligence on the part of the plaintiff.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts appear in the opinion of the court.

*Milton Andros*, and *Charles Page*, for Appellant.

*Tyler & Howard*, for Respondent.

PER CURIAM. — The complaint alleges that the defendant was the owner of the steamer *Washington*, which was running between the city and county of San Francisco and the town of Rio Vista in the county of Solano; that plaintiff took passage on said boat from the former to the latter place; that he delivered to defendant his baggage — a trunk; that a short time before the arrival of the vessel at Rio Vista he went down on

the main deck to look for his baggage (no check therefor having been given him by the defendant), and while so doing he fell down the main hatchway and .was greatly injured; that such hatchway was left open negligently and carelessly, and no light was placed near it to warn passengers of danger.

There was a demurrer to the complaint which was overruled by the court, and the sufficiency of the complaint is the only question before us on this appeal.

It is claimed that contributory negligence on the part of the plaintiff appears on the face of the pleading, but we are not prepared to say the point is well taken. It does not appear that the plaintiff had no right, as is claimed, to go upon the main deck to look for his baggage, or that he was guilty. of contributory negligence by doing so.

Judgment affirmed.